FILED
99 AUG -4 PH 3: 22
N.D. OF ALABAMA
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| TIM MYRICK, who sues through his mother and next friend, JANE MYRICK, | ] ] ] ] | |
| Plaintiff(s), | ] ] | |
| vs. | ] ] | CV 99-N-0891-E |
| ALABAMA INSTITUTE FOR DEAF AND BLIND; SYLVESTER JAMES, in his individual and official capacity as instructor for the Alabama Institute for Deaf and Blind, | ] ] ] ] ] ] ] | |
| Defendant(s). | ] | |

ENTERED
AUG 0 4 1999

**Memorandum of Opinion**

In this action, the plaintiff, Tim Myrick, seeks redress pursuant to 42 U.S.C. § 1983 and various state laws. Specifically, Myrick claims that he was unlawfully imprisoned, assaulted, battered, and sexually molested by Sylvester James, an employee of the Alabama Institute for Deaf and Blind (AIDB). James is sued in both his official and individual capacity. The court has for consideration two motions to dismiss, filed by AIDB and Sylvester James on April 29, 1999, and May 28, 1999, respectively. The motions have been fully briefed and are now ripe for decision. Upon due consideration, AIDB's motion will be granted in its entirety and James' motion will be granted in part.

A complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the claimant can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-102, 2 L. Ed. 2d 80

15

(1957); *Draughton v. City of Oldsmar*, 767 F. Supp. 1144, 1145 (M.D. Fla. 1991). The court when ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, is required to view the complaint in the light most favorable to the non-movant. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974).

In his complaint, the factual circumstances alleged by Myrick are as follows: Tim Myrick is a twenty-two year-old handicapped, blind, and physically impaired male who was a resident dormitory student at the Alabama Institute for Deaf and Blind during the 1994-1995 school year. *Complaint* at ¶¶ 8, 9. When he was eighteen years old, on or about November 4, 1995, plaintiff was attacked and sexually molested by defendant Sylvester James, an employee of AIDB. *Id.* at ¶10. Plaintiff contends that prior to this incident, AIDB was aware of facts that would indicate that the handicapped students in its care were "at risk and in danger of unwanted and unconsented physical attacks such as that suffered by Tim Myrick" and, furthermore, should have known of other occurrences of unwanted and nonconsensual incidents involving AIDB students. *Id.* at ¶¶11, 12. Plaintiff further states that AIDB should have known that such attacks occur in institutional settings such as AIDB, and, therefore, there was a risk that such attacks could occur at AIDB. *Id.* at ¶13. Because AIDB had such information and knowledge, it "intentionally and/or wantonly and/or recklessly and/or with knowing indifference" failed to investigate the background of its employees, or to take other measure to protect the safety of the students of AIDB. *Id.* at ¶¶14, 15. Plaintiff asserts that the AIDB did not have a system to accurately record the complaints of students regarding the aforementioned type of attacks, nor did they notify parents of the potential risks of sexual and physical assaults to the students of AIDB. *Id.* at ¶¶16, 17.

Furthermore, it is asserted that AIDB took action to "minimize the publicity or knowledge" of such attacks. *Id.* at ¶18. At all times relevant to the present action, plaintiff was in the "custody, control and care" of AIDB. *Id.* at ¶20.

The motion to dismiss filed by AIDB turns primarily on a determination of whether it is an agency of the state and, therefore, entitled to Eleventh Amendment immunity. There are three factors to consider when determining whether AIDB is an arm of the state of Alabama: (1) how state law defines the entity; (2) the guidance and control exercised by the state over the entity; and (3) the entity's fiscal autonomy. *See Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 280, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977), *Stewart v. Baldwin County Bd. of Educ.*, 908 F.2d 1499, 1509 (11th Cir. 1990).

Upon due consideration, the court finds that the AIDB is a state agency, and therefore entitled to immunity from suit. First, state statute created the AIDB as the official state agency to provide services to the hearing and visually impaired. Second, the AIDB is controlled by a board of trustees consisting of state—rather than local—officials. Finally, ninety-two percent of the AIDB's funding is provided by the state treasury, the result of which is that any judgment against AIDB is paid by the state. These are all factors which direct a finding that the AIDB is, for purposes of Eleventh Amendment immunity, an arm of the state. In so finding, the court agrees with the analysis set forth in *Foster v. Alabama Institute for Deaf and Blind*, CV 99-H-0836-E (Memo. Op. May 21, 1999) (Hancock, J.). Since the State of Alabama has not waived its Eleventh Amendment immunity and Congress has in no way abrogated immunity as to suits such as the one currently before the court, *see*

3

*Seminole Tribe v. Florida*, 517 U.S. 44, 54-55, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996), AIDB is entitled to immunity in this case.

Plaintiff argues that the Eleventh Circuit's holding in *Stewart v. Baldwin County Bd. of Educ.*, 908 F.2d 1499 (11th Cir. 1990), controls this case. Specifically, plaintiff argues that AIDB is comparable to a school board—the entity considered in *Stewart*—and is therefore more like a county or a city than an arm of the state. This court is not persuaded. Unlike a school board, AIDB has no authority to raise local funding, no power or authority to issue bonds, and no authority to expend monies raised from local or county sales or use taxes. The AIDB is not governed by a local board of individuals; rather, it is governed by a board of trustees comprised of state officials. Because of the obvious differences between the entity at issue in *Stewart* and the role of AIDB described above, this court finds that *Stewart* is neither relevant nor applicable to the present case.

Suits against state officials in their official capacity are actually claims against the governmental entity for which they act. *See Monell v. City of New York*, 436 U.S. 658, 689 n.55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Thus, for the reasons stated above, the claim against Sylvester James in his official capacity is due to be dismissed with prejudice. James' motion to dismiss will in all other respects be denied.

Accordingly, plaintiff's claims against AIDB and against the individual defendant in his official capacity are due to be dsmissed. A separate order, consistent with this opinion, will be entered.

Done, this \_\_\_4th\_\_\_ of August, 1999.

                                                EDWIN L. NELSON
                                       UNITED STATES DISTRICT JUDGE